IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUCK INSURANCE EXCHANGE, a California insurance exchange, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| RTG-CRESCENT STATION, LLC, an Illinois limited Liability company, RTG LAND DEVELOPMENT CORPORATION, a corporation doing business in Illinois, RICHARD T. GAMMONLEY ENTERPRISES, LTD., an Illinois corporation, RICHARD T. GAMMONLEY, an individual, and CRESCENT STATION OWNERS ASSOCIATION, an Illinois non-profit corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) | No.1:10-CV-5136 |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY AND OTHER RELIEF

Plaintiff TRUCK INSURANCE EXCHANGE, a California insurance exchange ("Truck"), for its complaint against defendants RTG-CRESCENT STATION, LLC, an Illinois limited Liability company, RTG LAND DEVELOPMENT CORPORATION, a corporation doing business in Illinois, RICHARD T. GAMMONLEY ENTERPRISES, LTD., an Illinois corporation, RICHARD T. GAMMONLEY, an individual (the foregoing defendants being referred to collectively as "the RTG entities"), and CRESCENT STATION OWNERS ASSOCIATION, an Illinois non-profit corporation ("the Condo Association"), state as follows:

### Introduction

1.       This is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure to determine the rights and obligations of the

parties under a policy of liability insurance issued by Truck to the Condo Association for successive years. The RTG entities are defendants in a lawsuit brought by the Condo Association entitled *Crescent Station Owners Association, Inc. v. RTG-Crescent Station, LLC*, No. 2007 L 702, in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois ("the underlying lawsuit"). The RTG entities have tendered their defense of such lawsuit to Truck on the supposition that they are additional insureds under the Truck policies issued to the Condo Association. Truck has denied coverage.

## Parties, Jurisdiction and Venue

2.     Truck is a California insurance exchange with its principle place of business in Los Angeles, California. Truck is authorized to and regularly conducts business in DuPage County, Illinois.

3.     RTG-Crescent Station is an Illinois limited liability company with its principle place of business in La Grange, Illinois.

4.     RTG Land Development is an Illinois corporation with its principle place of business in La Grange, Illinois.

5.     Richard T. Gammonley Enterprises, Ltd. is an Illinois corporation with its principle place of business in La Grange, Illinois.

6.     The RTG entities were formed by Richard T. Gammonley ("Mr. Gammonley"). Mr. Gammonley is a citizen and resident of the state of Illinois.

7.     The Condo Association is an Illinois non-profit corporation which serves as the homeowners association for the owners of the Crescent Station condominiums, having its principle place of business in Glen Ellyn, Illinois.

8.     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Truck and the defendants, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

9.     Venue is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to this dispute occurred in this district.

## The Underlying Lawsuit

10.     The Condo Association filed the underlying lawsuit in 2007.  It filed a Second Amended Complaint ("Complaint") on or about February 5, 2008.  A true and accurate copy of the Complaint is attached hereto as Exhibit A.

11.     In it, the Condo Association alleges that one or more of the RTG entities owned, developed, constructed, marketed and sold the Crescent Station condominiums; that they created the Condo Association which they controlled prior to turnover to the condominium owners; and that Mr. Gammonley himself served as president of the Condo Association prior to turnover.

12.     Upon information and belief, one or more of the RTG entities began selling condominium units to homeowners in March of 2003, and turnover of the association to the homeowners occurred on or about January 17, 2005.

13.     The Complaint contains six counts.  Count I is brought against Mr. Gammonley and alleges that he breached his fiduciary duty to the Condo Association prior to turnover by entering into one or more contracts on its behalf with one or more entities that he controlled, without having the contract(s) signed by any other person, by not making a claim under a limited warranty provided by his contracting entities, and by being aware of construction defects but failing to take any remedial action on behalf of the Condo Association.  (Exhibit A Count I,

¶¶ 28-29)  This conduct is alleged to have caused the Condo Association damage in the form of repairs and increased costs to upkeep common elements.

14.     Count II likewise is brought against Mr. Gammonley for breach of fiduciary duty. It repeats many of the allegations of Count I and further alleges that he knew or reasonably should have known of structural defects in the terraces and carport of the property, but that he failed to take necessary remedial action, thereby again causing the Condo Association to become liable for increased costs of upkeep and maintenance.  (*See* Exhibit A Count II ¶¶, 21-22.)

15.     Count III also is brought against Mr. Gammonley for breach of fiduciary duty and repeats certain allegations from earlier counts.  It further alleges that he never made any determination of a necessary capital reserve, or of the useful life of improvements, or prepared projections or budgets, all as required by the Condominium Property Act, and that these failures have caused the Condo Association substantial damages.  (*See* Exhibit A Count III, ¶¶ 15-16.)

16.     Count IV is brought against three of Mr. Gammonley's corporate entities:  RTG-Crescent Station, LLC;  RTG Land Development Corporation;  and Richard T. Gammonley Enterprises, Ltd.  It alleges that these defendants had a duty to construct the common elements of the Condo Association in a good and workmanlike manner, but that they breached their duties in various ways, resulting in construction defects and property damage, including water leakage seeping through the common elements causing toxic mold in both the common areas and individual condominium units.  The Condo Association is alleged to have become liable for increased costs for upkeep and maintenance as a result.  (*See* Exhibit A Count IV, ¶¶ 10-11.)

17.     Count V is brought against the same three corporate entities under the Illinois Consumer Fraud Act.  It alleges that the defendants knew or should have known, prior to turnover, that there were structural defects in the terraces and carport, but that they failed to

disclose such deficiencies.  As a result, the Condo Association is alleged to have become liable for remediation and repair of the defective conditions.  (*See* Complaint, Count V, ¶¶ 13-14.)

18.     Count VI is brought against Richard T. Gammonley Enterprises, Ltd., for breach of contract.  This count alleges that the named defendant had been engaged to correct at least some of the defective workmanship earlier identified but that it failed to do so, as the result of which the Condo Association has suffered damages in the form of increased assessments, the presence of toxic mold, and increased costs.  (*See* Exhibit A Count VI, ¶¶ 11-13.)

19.     Upon information and belief, the damages being sought by the Condo Association for property damage are upwards of $700,000.00.

### The Truck Policy

20.     Truck issued policy no. 60085-02-99 to the Condo Association ("Truck policy"), which policy was in effect for the period July 18, 2005 to July 18, 2008.  A true and accurate copy of the policy (less duplicate forms) is attached hereto as Exhibit B.  The policy provides directors and officers ("D&O") liability coverage on a claims made basis and condominium liability ("general liability") coverage on an occurrence basis.  The coverage is subject to a per occurrence limit of $1 million and an aggregate limit of $2 million.  Specific provisions of the policy are quoted and discussed below.

21.     Although the underlying lawsuit was filed in 2007, Farmers was first given notice of the lawsuit on or about February 4, 2010.

### COUNT I
### No Allegations of Negligence Under the D&O Insuring Agreement

22.     Truck realleges and restates paragraphs 1 through 21 as if they were fully set forth herein.

23.     The insuring agreement and "Who Is An Insured" section for the D&O part of the

policy, as contained in the Directors and Officers Liability Coverage Form, along with relevant

definitions, provides in part as follows:

A.      COVERAGES (INCLUDES RESTRICTIONS OR ABRIDGMENTS)

     1.      INSURING AGREEMENT (INCLUDES RESTRICTIONS OR
        ABRIDGMENTS)

        a.      We will pay those sums which you become legally obligated to
pay as damages because of a "Claim" for any "wrongful acts"
committed by any insured, or any other person for whose acts you
are legally liable. The "wrongful acts" of an insured natural person
must be committed in their conduct of management responsibilities
for the organization. We will have the right and duty to defend you
against any "suit" seeking those damages. However, we will have
no duty to defend you against any "suit" seeking damages for
"wrongful acts" to which this insurance does not apply.

        b.      This insurance applies to any "Claim" for a "wrongful act" only if:

           *    *    *

         (2)     The "wrongful act" did not occur before the Retroactive
Date, if any, shown above or after the end of the "policy
period";

         (3)     You had no knowledge of, and could not have reasonably
foreseen any circumstances which might result in a
"Claim" at the inception of this Coverage Form; and

         (4)     The "Claim" is first made against any insured, in
accordance with paragraph c. below, during the "policy
period" or any Extended Reporting Periods.

        c.      A "Claim" by a person or organization seeking damages will be
deemed to have been made when notice of such "Claim" is
received and recorded by any insured or by us, whichever comes
first.

             All "Claims" arising out of the same or related "wrongful acts" will
be deemed to be one "Claim" and shall be deemed to have been
made at the time the first of those "Claims" is made against any
insured.

\*       \*       \*

C.    WHO IS AN INSURED (INCLUDES RESTRICTIONS OR ABRIDGMENTS)

The term insured when used in this Coverage Form includes:

1.     The Named Insured listed in the Declarations and its "subsidiaries".

\*       \*       \*

2.     Any person who has been, now is or shall become:

\*       \*       \*

b.     Duly elected or appointed officer of an insured organization;

\*       \*       \*

G.    DEFINITIONS (INCLUDES RESTRICTIONS OR ABRIDGMENTS)

\*       \*       \*

2.     "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

3.     "Claim" means a demand or "suit" against any insured for a "wrongful act".

\*       \*       \*

5.     "Loss" means the total amount which the insureds become legally obligated to pay as damages, judgments or settlements on account of all "Claims" made against the insured for "wrongful acts" to which this insurance applies.

\*       \*       \*

9.     "Property damage" means:

a.     Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\*        \*        \*

12.    "Wrongful act" means any negligent acts, errors, omissions or breach of duty committed by an insured in their capacity as such.

(Exhibit B Form no. 91-9122 2d ed., pp. 1, 2, 4-5.)

24.    Although the foregoing language – subject to all other terms, conditions, exclusions and limitations – provides coverage to any person "who has been" an officer of the Condo Association, and although Mr. Gammonley is alleged to have been a past officer of the Condo Association, the coverage provided is only for "wrongful acts" which are defined as "any negligent acts, errors, omissions or breach of duty."

25.    Counts I, II and III of the Complaint, the only counts alleged against Mr. Gammonely, allege breaches of fiduciary/contract duties.  They do not allege negligence by Mr. Gammonley and therefore do not trigger D&O coverage.

26.    Apart from Mr. Gammonley, none of the RTG entities is alleged to have been an officer or director of the Condo Association.

27.    It therefore is the position of Truck that its policy does not provide D&O coverage to any of the RTG entities.

28.    Upon information and belief, the RTG entities disagree with this position.

29.    Accordingly, an actual case or controversy of a justiciable nature exists between Truck and the RTG entities with respect to D&O coverage under the Truck policy.

WHEREFORE, Truck prays that this Court, pursuant to 28 U.S.C. § 2201:

(a)    Declare the rights of the parties with respect to D&O coverage under the Truck policy;

(b)    Find that Truck has no duty to defend or indemnify the RTG entities in whole or in part for the claims made against the RTG entities; and

(c)    Grant such further relief as may be necessary or appropriate.

## COUNT II
### D&O Coverage Exclusions

30.    Truck realleges and restates paragraphs 1 through 29 as if they were fully set forth herein.

31.    The D&O coverage part of the policy contains the following exclusions, among others:

B.    EXCLUSIONS

This insurance does not apply to "Claims":

\*         \*         \*

6.    Relating to or arising from the insured in fact gaining profit or financial advantage to which the insured was not legally entitled;

\*         \*         \*

9.    Relating to or arising from defects to property owned by you, any "subsidiary" or its members, whether or not such "claims" includes allegations of financial mismanagement;

\*         \*         \*

12.    Relating to or arising from the insured serving in any capacity in any organization which at the time of such service is not an insured under this policy;

13.    Brought or maintained by or on behalf of an insured organization unless the "Claim" is brought and maintained totally independent of, and totally without the solicitation, assistance, participation or intervention of any officer, director or trustee of an insured organization . . . .

(Exhibit B Form no. 91-9122 2d ed., p. 2.)

32.    Section B.6. excludes coverage for claims arising from the insured receiving a "profit or financial advantage to which the insured was not legally entitled."

33.    Counts I through III the Complaint seek damages for Mr. Gammonley's alleged failure to fulfill his fiduciary/contractual obligations to the Condo Association resulting in his financial advantage.

34.    Section B.6. therefore excludes coverage under the D&O part of the policy for Counts I through III.

35.    Section B.9. excludes coverage for defects to property "owned by you [or] any 'subsidiary' or its members."

36.    The Complaint seeks damages against the RTG entities in their capacity as the owners of the Crescent Station condominiums.

37.    Section B.9. therefore excludes coverage under the D&O part of the policy to the extent that recovery is sought against the RTG entities as owners.

38.    Section B.12. excludes coverage for claims arising from the insured "serving in any capacity in any organization which at the time of service is not an insured under this policy."

39.    The Complaint seeks damages against one or more of the RTG defendants for service in the Condo Association at a time when the Condo Association was not an insured under the Truck policy.

40.    Section B.12. therefore excludes coverage under the D&O part of the policy to the extent recovery is sought against the RTG entities for providing service in the Condo Association.

41.    Section B.13. excludes coverage for claims "[b]rought or maintained by or on behalf of an insured organization."

42.    The Complaint against the RTG defendants was brought by or on behalf of the Condo Association, an insured organization.

43.     Section B.13. therefore precludes coverage under the D&O part of the policy for all the RTG entities.

44.     It therefore is the position of Truck that its policy does not provide D&O coverage to any of the RTG entities by virtue of the Truck policy's exclusions.

45.     Upon information and belief, the RTG entities disagree with this position.

46.     Accordingly, an actual case or controversy of a justiciable nature exists between Truck and the RTG entities with respect to D&O coverage under the Truck policy.

WHEREFORE, Truck prays that this Court, pursuant to 28 U.S.C. § 2201:

(a)     Declare the rights of the parties with respect to D&O coverage under the Truck policy;

(b)     Find that Truck has no duty to defend or indemnify the RTG entities in whole or in part for the claims made against the RTG entities; and

(c)     Grant such further relief as may be necessary or appropriate.

## COUNT III
### Late Notice

47.     Truck realleges and restates paragraphs 1 through 46 as if they were fully set forth herein.

48.     The D&O coverage part of the policy contains the following condition to coverage, among others:

F.      ADDITIONAL CONDITIONS (INCLUDES RESTRICTIONS OR ABRIDGMENTS)

Insurance provided under this Coverage Form is subject to the following conditions:

1.      Duties In The Event Of "Claim" or Wrongful Act"

\*       \*       \*

    c.     You and any other involved insured must:

        (1)    Immediately send us copies of any demands, notices, summonses, or legal papers received in connection with a "Claim" . . . .

(Exhibit B Form no. 91-9122 2d ed p. 3.)

49.    As indicated, this condition requires the RTG entities to provide notice to Truck immediately of any suit papers. Although the underlying lawsuit was filed in 2007, Truck was first given notice of the action by letter dated February 4, 2010.

50.    It therefore is the position of Truck that its policy does not provide D&O coverage to any of the RTG entities because they gave late notice.

51.    Upon information and belief, the RTG entities disagree with this position.

52.    Accordingly, an actual case or controversy of a justiciable nature exists between Truck and the RTG entities with respect to general liability coverage under the Truck policy.

WHEREFORE, Truck prays that this Court, pursuant to 28 U.S.C. § 2201:

(a)    Declare the rights of the parties with respect to D&O coverage under the Truck policy;

(b)    Find that Truck has no duty to defend or indemnify the RTG entities in whole or in part because of late notice; and

(c)    Grant such further relief as may be necessary or appropriate.

## COUNT IV
### No Allegation of "Legally Obligated to Pay"

53.    Truck realleges and restates paragraphs 1 through 52 as if they were fully set forth herein.

54.    The insuring agreement for the general liability part of the Farmers policy, along with relevant definitions, provide in part as follows:

A.    COVERAGES

1.    BUSINESS LIABILITY

    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply.

*     *     *

    b.    This insurance applies:

        (1)    To "bodily injury" and "property damage" only if:

            (a)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

            (b)    The "bodily injury" or "property damage" occurs during the policy period.

            (c)    Prior to the policy period, no insured listed under Paragraph C.1. WHO IS AN INSURED and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" know, prior to the policy period, that the "bodily injury" or "property damage" occurred, than any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known before the policy period.

        (2)    To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

    c.    "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph C.1 WHO IS AN INSURED or any "employee" authorized by you to [g]ive or receive notice of an occurrence

or claim includes any continuation, change or resumption of "bodily injury" or "property damage" after the end of the policy period.

    d.    "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph C.1.WHO IS AN INSURED or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

    (1)    Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

    (2)    Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    (3)    Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

\*    \*    \*

F.    LIABILITY AND MEDICAL EXPENSES DEFINITIONS

\*    \*    \*

3.    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\*    \*    \*

13.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14.    "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following defenses:

\*    \*    \*

    c.    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

\*    \*    \*

17.    "Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage, " personal and advertising injury" to which this insurance applies are alleged.

(Exhibit B Form no. 91-3314 3d ed., pp. 1-2, 13-16.)

55. As indicated, the insuring agreement of the general liability part of the Truck policy limits coverage to "sums that the insured becomes legally obligated to pay as damages." The phrase "legally obligated to pay" restricts coverage to tort actions and does not extend coverage to actions for breach of contract.

56. The breach of fiduciary duty (Counts I, II and III) and breach of contract (Count VI) counts in the Complaint are all contract based claims.

57. It therefore is the position of Truck that its policy does not provide general liability coverage to any of the RTG entities for Counts I, II, III and VI of the Complaint.

58. Upon information and belief, the RTG entities disagree with this position.

59. Accordingly, an actual case or controversy of a justiciable nature exists between Truck and the RTG entities with respect to general liability coverage under the Truck policy.

WHEREFORE, Truck prays that this Court, pursuant to 28 U.S.C. § 2201:

(a) Declare the rights of the parties with respect to general liability coverage under the Truck policy;

(b) Find that Truck has no duty to defend or indemnify the RTG entities in whole or in part for the claims made against the RTG entities; and

(c)     Grant such further relief as may be necessary or appropriate.

## COUNT V
### No Allegation of an "Occurrence"

60.     Truck realleges and restates paragraphs 1 through 59 as if they were fully set forth herein.

61.     The Complaint seeks no recovery of damages for "bodily injury" or "personal and advertising injury."

62.     With respect to "property damage," as indicated in paragraph 54, *supra*, the insuring agreement of the general liability part of the Truck policy limits coverage to damages for such damage caused by an "occurrence."

63.     The Complaint alleges that the defendants failed to properly construct or supervise the construction of Crescent Station (Exhibit A Count I, ¶ 24; Count II, ¶21; Count III, ¶ 14; Count IV, ¶¶ 10-11); that they knew or should have known of the deficiencies, but that they failed to take any action (Exhibit A Count I, ¶ 22; Count II, ¶ 15; Count III, 13; Count IV, ¶ 9; Count V, ¶ 13; Count VI, ¶¶ 12-13); and that they attempted to conceal them (Exhibit A Count V, ¶ 14).  These allegations do not allege an "occurrence."

64.     It therefore is the position of Truck that its policy does not provide general liability coverage to any of the RTG entities to the extent that that the Complaint fails to allege an "occurrence."

65.     Upon information and belief, the RTG entities disagree with this position.

66.     Accordingly, an actual case or controversy of a justiciable nature exists between Truck and the RTG entities with respect to general liability coverage under the Truck policy.

WHEREFORE, Truck prays that this Court, pursuant to 28 U.S.C. § 2201:

(a)     Declare the rights of the parties with respect to general liability coverage under the Truck policy;

(b)     Find that Truck has no duty to defend or indemnify the RTG entities in whole or in part for the claims made against the RTG entities; and

(c)     Grant such further relief as may be necessary or appropriate.

## COUNT VI
### Prior Knowledge

67.     Truck realleges and restates paragraphs 1 through 66 as if they were fully set forth herein.

68.     Under sections A.1.b.(1)(c), A.1.c. and A.1.d.(3) of the general liability part of the Truck policy, as indicated in paragraph 54, *supra*, coverage for "bodily injury" and "property damage" is available only if the insured had no knowledge that damage occurred or began to occur prior to the policy period.

69.     The Complaint alleges that the RTG entities at all relevant times knew or should have known about the alleged structural defects and deficiencies, including prior to the commencement of any Truck coverage.

70.     It therefore is the position of Truck that its policy does not provide general liability coverage to any of the RTG entities because they are alleged to have had knowledge of the construction deficiencies prior to the policy inception on July 18, 2005.

71.     Upon information and belief, the RTG entities disagree with this position.

72.     Accordingly, an actual case or controversy of a justiciable nature exists between Truck and the RTG entities with respect to general liability coverage under the Truck policy.

WHEREFORE, Truck prays that this Court, pursuant to 28 U.S.C. § 2201:

(a)     Declare the rights of the parties with respect to general liability coverage under the Truck policy;

(b)     Find that Truck has no duty to defend or indemnify the RTG entities in whole or in part for the claims made against the RTG entities; and

(c)     Grant such further relief as may be necessary or appropriate.

## COUNT VII
### Failure to Qualify as "Insureds"

73.     Truck realleges and restates paragraphs 1 through 72 as if they were fully set forth herein.

74.     The "Who Is An Insured" section for the general liability part of the Truck policy provides in part as follows:

C.     WHO IS AN INSURED

1.     If you are designated in the Declarations as:

*        *        *

d.     An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

*        *        *

4.     The developer in the developer's capacity as a unit-owner, but only with respect to the developer's liability arising out of:

a.     The ownership, maintenance or repair of that portion of the premises which is not owned solely by the developer; or

b.     The developer's membership in the Association.

However, the insurance afforded with respect to the developer does not apply to liability for acts or omissions as a developer.

(Exhibit B Form no. 91-3314 3d ed., pp. 10-11.)

75.    Mr. Gammonley served as the president of the Condo Association until its turnover to the unit owners, which occurred on or about January 17, 2005, and thus relinquished his position prior to the inception of the July 18, 2005 policy period.  Mr. Gammonley therefore never became an insured under section C.1.d. of the general liability part of the policy, or under any other section.

76.    Likewise, none of the other RTG entities qualify as an insured under the general liability part of the Truck policy.

77.    In addition, while section C.4. identifies the "developer" as an insured for certain limited purposes, it also states that "the insurance afforded with respect to the developer does not apply to liability for acts or omissions as a developer."  To the extent any of the RTG entities are or could be characterized as "developer," all of the Complaint's allegations arise out of such entities' conduct "as a developer," and none of such defendants are insureds under section C.4. of the general liability part of the policy.

78.    It therefore is the position of Truck that none of the RTG entities qualify as insureds for purposes of the general liability portion of the policy.

79.    Upon information and belief, the RTG entities disagree with this position.

80.    Accordingly, an actual case or controversy of a justiciable nature exists between Truck and the RTG entities with respect to D&O coverage under the Truck policy.

WHEREFORE, Truck prays that this Court, pursuant to 28 U.S.C. § 2201:

(a)    Declare the rights of the parties with respect to D&O coverage under the Truck policy;

(b)     Find that Truck has no duty to defend or indemnify the RTG entities in whole or in part for the claims made against the RTG entities; and

(c)     Grant such further relief as may be necessary or appropriate.

## COUNT VIII
### "Expected or Intended" Exclusion

81.     Truck realleges and restates paragraphs 1 through 80 as if they were fully set forth herein.

82.     The general liability part of the Truck policy contains the following exclusion to coverage:

B.     EXCLUSIONS

1.     Applicable To Business Liability Coverage

This insurance does not apply to:

a.     Expected or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

(Exhibit B Form no. 91-3314 3d ed., p. 3.)

83.     The claims against the RTG entities are for damages which, according to the Complaint, such entities expected or intended.

84.     It therefore is the position of Truck that its policy does not provide general liability coverage to any of the RTG entities because coverage is precluded by the "expected or intended" exclusion.

85.     Upon information and belief, the RTG entities disagree with this position.

86.     Accordingly, an actual case or controversy of a justiciable nature exists between Truck and the RTG entities with respect to general liability coverage under the Truck policy.

WHEREFORE, Truck prays that this Court, pursuant to 28 U.S.C. § 2201:

(a)     Declare the rights of the parties with respect to general liability coverage under the Truck policy;

(b)     Find that Truck has no duty to defend or indemnify the RTG entities in whole or in part for the claims made against the RTG entities; and

(c)     Grant such further relief as may be necessary or appropriate.

## COUNT IX
## "Contractual Liability" Exclusion

87.     Truck realleges and restates paragraphs 1 through 86 as if they were fully set forth herein.

88.     The general liability part of the Truck policy contains a "contractual liability" exclusion as follows:

B.      EXCLUSIONS

1.      Applicable To Business Liability Coverage

This insurance does not apply to:

*          *          *

b.      Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.

(Exhibit B Form no. 91-3314 3d ed., p. 3.)

89.     The claims against the RTG entities include claims for breach of contract.

90.     It therefore is the position of Truck that its policy does not provide general liability coverage to any of the RTG entities to the extent precluded by the "contractual liability" exclusion.

91.     Upon information and belief, the RTG entities disagree with this position.

92.     Accordingly, an actual case or controversy of a justiciable nature exists between Truck and the RTG entities with respect to general liability coverage under the Truck policy.

WHEREFORE, Truck prays that this Court, pursuant to 28 U.S.C. § 2201:

(a)     Declare the rights of the parties with respect to general liability coverage under the Truck policy;

(b)     Find that Truck has no duty to defend or indemnify the RTG entities in whole or in part for the claims made against the RTG entities; and

(c)     Grant such further relief as may be necessary or appropriate.

## COUNT X
### "Professional Services" Exclusion

93.     Truck realleges and restates paragraphs 1 through 92 as if they were fully set forth herein.

94.     The general liability part of the Truck policy contains a "professional services" exclusion as follows:

B.      EXCLUSIONS

1.      Applicable To Business Liability Coverage

This insurance does not apply to:

*       *       *

k.      Professional Services

> "Bodily injury", "property damage", "personal injury and advertising injury" due to rendering or failure to render any professional service.

(Exhibit B Form no. 91-3314 3d ed., p. 6.)

95.    This exclusion precludes coverage to the extent that defendants performed professional services as a developer or otherwise.

96.    It therefore is the position of Truck that its policy does not provide general liability coverage to any of the RTG defendants to the extent that they provided professional services.

97.    Upon information and belief, the RTG entities disagree with this position.

98.    Accordingly, an actual case or controversy of a justiciable nature exists between Truck and the RTG entities with respect to general liability coverage under the Truck policy.

WHEREFORE, Truck prays that this Court, pursuant to 28 U.S.C. § 2201:

(a)    Declare the rights of the parties with respect to general liability coverage under the Truck policy;

(b)    Find that Truck has no duty to defend or indemnify the RTG entities in whole or in part for the claims made against the RTG entities; and

(c)    Grant such further relief as may be necessary or appropriate.

## COUNT XI
### "Damage to Property" Exclusion

99.    Truck realleges and restates paragraphs 1 through 98 as if they were fully set forth herein.

100.    The Farmers policy excludes coverage for property damage as follows:

B.    EXCLUSIONS

1.    Applicable to Business Liability Coverage

This insurance does not apply to:

\*     \*     \*

l.    Damage to Property

"Property damage" to:

(1)    Property you own, rent or occupy;

(2)    Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

(3)    Property loaned to you;

(4)    Personal property in the care, custody or control of the insured;

(5)    That particular part of real property on which you or any contractor or subcontractor working directly  or indirectly on your behalf is performing operations, if the "property damage" arises out of those operations; or

(6)    That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

\*     \*     \*

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

(Exhibit B Form no. 91-3314 3d ed., pp. 6-7.)

101.    This exclusion precludes coverage for, among other things, property owned, rented, occupied or sold by "you" where "you" is defined as the named insured.  (*See* Exhibit B Form no. 91-3314 3d ed., p. 1.)  The Complaint here seeks recovery for property damage to property owned by the Condo Association, the named insured.

102.   It therefore is the position of Truck that its policy does not provide general liability coverage to any of the RTG defendants because coverage for the property damage for which recovery is sought is excluded from coverage by the "damage to property" exclusion.

103.   Upon information and belief, the RTG entities disagree with this position.

104.   Accordingly, an actual case or controversy of a justiciable nature exists between Truck and the RTG entities with respect to general liability coverage under the Truck policy.

WHEREFORE, Truck prays that this Court, pursuant to 28 U.S.C. § 2201:

(a)   Declare the rights of the parties with respect to general liability coverage under the Truck policy;

(b)   Find that Truck has no duty to defend or indemnify the RTG entities in whole or in part for the claims made against the RTG entities; and

(c)   Grant such further relief as may be necessary or appropriate.

## COUNT XII
## Punitive Damages

105.   Truck realleges and restates paragraphs 1 through 104 as if they were fully set forth herein.

106.   The Farmers policy also contains the following exclusion by endorsement, which is applicable to both the D&O and general liability parts:

PUNITIVE OR EXEMPLARY DAMAGE EXCLUSION

\*      \*      \*

Regardless of any other provision, this policy does not cover punitive or exemplary damages or the cost of defense related to such damage.

(Exhibit B Form no. 91-3024 3d ed.)

107.    The Complaint (Counts I, II, III and V) seeks to recover attorney's fees and punitive damages from the defendants.

108.    It therefore is the position of Truck that its policy does not provide either D&O or general liability coverage to any of the RTG defendants for the punitive damages sought in the Complaint.

109.    Upon information and belief, the RTG entities disagree with this position.

110.    Accordingly, an actual case or controversy of a justiciable nature exists between Truck and the RTG entities with respect to general liability coverage under the Truck policy.

WHEREFORE, Truck prays that this Court, pursuant to 28 U.S.C. § 2201:

(a)     Declare the rights of the parties with respect to D&O and general liability coverage under the Truck policy;

(b)     Find that Truck has no duty to defend or indemnify the RTG entities in whole or in part for the punitive damage claims made against the RTG entities; and

(c)     Grant such further relief as may be necessary or appropriate.

## COUNT XIII
### Other Insurance

111.    Truck realleges and restates paragraphs 1 through 110 as if they were fully set forth herein.

112.    The general liability coverage part's "other insurance" condition, as added by an endorsement entitled "Condominium Common Policy Conditions," provides in part:

H.    Other Insurance

      1.    If there is other insurance covering the same loss or damage, we will pay only for the amount of covered loss or damage in excess of the amount due from that other insurance, whether you can collect it or not.

(Exhibit B Form no. 91-3024 3d ed. p.3.)

113.    The general liability coverage thus contains an excess other insurance condition so that, even if coverage were otherwise available to defendants under the Farmers policy, it would be excess to other coverage the defendants may have.

114.    It therefore is the position of Truck that its policy does not provide primary general liability coverage to any of the RTG defendants because of the excess "other insurance" condition.

115.    Upon information and belief, the RTG entities disagree with this position.

116.    Accordingly, an actual case or controversy of a justiciable nature exists between Truck and the RTG entities with respect to general liability coverage under the Truck policy.

WHEREFORE, Truck prays that this Court, pursuant to 28 U.S.C. § 2201:

(a)    Declare the rights of the parties with respect to general liability coverage under the Truck policy;

(b)    Find that Truck does not have an obligation to provide primary coverage to the RTG entities in whole or in part for the claims made against the RTG entities; and

(c)    Grant such further relief as may be necessary or appropriate.

## COUNT XIV
### Late Notice

117.    Truck realleges and restates paragraphs 1 through 116 as if they were fully set forth herein.

118.    The general liability coverage part also contains the following conditions to coverage:

E.    LIABILITY AND MEDICAL EXPENSES GENERAL CONDITIONS

*       *       *

2.      Duties in the Event of Occurrence, Offense, Claim or Suit

    a.      You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

          (1)      How, when and where the "occurrence" or offense took place;

          (2)      The names and addresses of any injured persons and witnesses; and

          (3)      The nature and location of any injury or damage arising out of the "occurrence" or offense.

    b.      If a claim is made or "suit" is brought against any insured, you must:

          (1)      Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

          (2)      Notify us as soon as practicable.

        You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

    c.      You and any other involved insured must:

          (1)      Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

          (2)      Authorize us to obtain records and other information;

          (3)      Cooperate with us in the investigation, or settlement of the claim or defense against the "suit"; and

          (4)      Assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to the insured because of injury or damage to which this insurance may also apply.

(Exhibit B Form no. 91-3314 3d ed. pp. 12-13.)

119.    As indicated, these conditions require defendants to provide notice to Farmers as soon as practicable of any "occurrence" and immediately of any "suit." Although the underlying lawsuit was filed in 2007, Farmers was first given notice of the action by your letter dated February 4, 2010.

120.    It therefore is the position of Truck that its policy does not provide general liability coverage to any of the RTG defendants because they gave late notice.

121.    Upon information and belief, the RTG entities disagree with this position.

122.    Accordingly, an actual case or controversy of a justiciable nature exists between Truck and the RTG entities with respect to general liability coverage under the Truck policy.

WHEREFORE, Truck prays that this Court, pursuant to 28 U.S.C. § 2201:

(a)    Declare the rights of the parties with respect to general liability coverage under the Truck policy;

(b)    Find that Truck has no duty to defend or indemnify the RTG entities in whole or in part for the claims made against the RTG entities; and

(c)    Grant such further relief as may be necessary or appropriate.

### COUNT XV
### Fungus Exclusion

123.    Truck realleges and restates paragraphs 1 through 122 as if they were fully set forth herein.

124.    The general liability coverage part also contains "fungi" and "mold and microorganism" exclusions added by endorsements, which state in relevant part:

FUNGI EXCLUSION

*        *        *

This insurance does not apply to any:

1.     "Bodily injury," "property damage" or "personal and advertising injury" arising out of, resulting from, caused or contributed whether directly or indirectly by fungi:

2.     The costs of testing, monitoring, abating, mitigating, removing, remediating or disposing of fungi.

## MOLD AND MICROORGANISM EXCLUSION

The following provisions apply to your policy:

A.     Definition:

1.     "Mold" means any type or form of fungus including but not limited to mildew, mycotoxins, spores, scents or by-products produced or released by "mold".

2.     "Microorganism" means any organism (animal or plant) of microscopic size, including but not limited to any type or form of bacteria, bacterium, germ , intestinal flora, microbe, pathogen or virus or any part or by-product of any of the above.

B.     This insurance does not apply to any:

1.     "Bodily injury" "Property Damage" or "personal and advertising injury" arising out of, resulting from, caused or contributed to, whether directly or indirectly by "mold" or "microorganism" and would not have occurred in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contract with, exposure to, existence of or presence of any "mold" or "microorganism";

2.     Any loss, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to or assessing the effect of "mold" or "microorganism", by any insured or by any person or entity;

125.   Coverage for the allegations of the Complaint premised upon alleged water infiltration, fungi and/or mold damage, is excluded by these endorsements.

126.    It therefore is the position of Truck that its policy does not provide general liability coverage to any of the RTG defendants for damages sought for such water infiltration, fungi and/or mold damage.

127.    Upon information and belief, the RTG entities disagree with this position.

128.    Accordingly, an actual case or controversy of a justiciable nature exists between Truck and the RTG entities with respect to general liability coverage under the Truck policy.

WHEREFORE, Truck prays that this Court, pursuant to 28 U.S.C. § 2201:

(a)    Declare the rights of the parties with respect to general liability coverage under the Truck policy;

(b)    Find that Truck has no duty to defend or indemnify the RTG entities in whole or in part for the claims made against the RTG entities; and

(c)    Grant such further relief as may be necessary or appropriate.

Dated:  August 16, 2010

Respectfully submitted,

*s/ Don R. Sampen*
One of the attorneys for Plaintiff
DON R. SAMPEN
DANIEL R. BRYER
CLAUSEN MILLER P.C.
10 South LaSalle Street
Chicago, Illinois 60603-1098
Telephone:  312/606-7575
Fax:  312/606-7803
dsampen@clausen.com
dbryer@clausen.com

1309192                          31